**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DAVID CHRISTOPHER WILLIAMS,

     Defendant-Appellant.

No. 05-2345
(D.C. No. 97-CR-607-LH)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **LUCERO,** Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

David Christopher Williams (the defendant), and two co-defendants, Orville Dwyer and Eric Derrick Holliday, were jointly charged in a two-count indictment filed in the United States District Court for the District of New Mexico as follows: (1) attempting to possess 100 or more kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (2) conspiracy to possess with an intent to distribute 100 or more kilograms of marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Dwyer and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Holliday pled guilty and were sentenced to terms of imprisonment of 60 and 37 months, respectively.

The defendant initially also pled guilty to both counts of the indictment, pursuant to a plea agreement wherein he agreed to "cooperate" with the government. He subsequently moved to withdraw his plea of guilty, which motion was granted. The defendant thereafter was convicted by a jury on both counts.

The pre-sentence report (PSR) stated that the "instant case involved negotiations for 2,500 pounds of marijuana, the equivalent of 1,134 kilograms" and accordingly set defendant's base offense level at 32. The PSR then increased the defendant's base offense level by 2 levels because he was an organizer, and an additional 2 levels for obstruction of justice, setting his total offense level at 36. The defendant's criminal history category was set at III. The guideline range for a person with a total offense level of 36 and a criminal history category of III is imprisonment for 235 to 293 months.

At sentencing, the defendant objected to the provisions of the PSR that set his base offense level at 32, arguing that the "negotiations" did not involve 2,500 pounds of marijuana, and in fact only involved about 500 pounds of marijuana. The district court denied defendant's objections, "adopted" the PSR "without change," and sentenced defendant to imprisonment for 235 months on each count, to be served concurrently. The defendant appealed.

In *United States v. Williams*, 374 F.3d 941 (10th Cir. 2004), this court affirmed the defendant's conviction, but remanded the case to the district court to conduct a new

2

sentencing hearing, "find " the quantity of marijuana actually "agreed to," rather than merely adopting the PSR recommendation, and then re-sentence the defendant, "if necessary." Specifically, in that regard, the Court spoke as follows:

**CONCLUSION**
For all of the aforementioned reasons, we AFFIRM the district court's imposition of a two-level sentencing enhancement for obstruction of justice, its denial of a downward departure for substantial assistance and its denial of an affirmative defense instruction on withdrawal from the conspiracy. However, the sentence necessarily depends upon the quantity of marijuana agreed upon in the conspiracy. That determination was not made of record so we must remand for the district court to rule on that issue, clarify the record and, if necessary, re-sentence the defendant. We AFFIRM in part, REVERSE in part, and REMAND for a ruling under U.S.S.G. § 6A1.3(b) and re-sentencing, if necessary.

Following remand, the district court, as directed by us, held a second sentencing hearing, at which time no additional testimony was taken. The district court then proceeded to "find," *inter alia*, that the defendant conspired with others to possess 2,500 pounds or 1,134 kilograms, of marijuana. Specifically, the court spoke as follows:

Based on Application Note 12 of United States Sentencing Guidelines Section 2D.1, quote, "In an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level." And Application Note 12 says, "In a reverse sting, the agreed-upon quantity of controlled substance would more accurately reflect the scale of the offense because the amount actually delivered is controlled by the government, not the defendant." Therefore, I will find that the defendant conspired with others to possess 2,500 pounds or 1,134 kilograms of marijuana.

The district court accordingly re-set defendant's initial base offense level at 32 and increased that figure by 2 levels based on defendant's "aggravating role" in the commission of the offense and 2 more levels for obstruction of justice, making an

3

adjusted offense level of 36.   As stated, an offense level of 36 and a criminal history category of III results in a guideline range of imprisonment for 235 to 295 months. However, the district court then noted that the defendant had "assisted" the government in the prosecution of other crimes, and sentenced defendant to imprisonment for 180 months on each of the 2 counts, to be served concurrently.

In our view, the district court, on remand, followed our directions as set forth in our remand order.  Counsel's suggestion that the district court's finding on the amount of the marijuana to be purchased by the defendant from the government's undercover agent is not supported by the record is foreclosed by the following comment by this court in its remand to the district court, where we spoke as follows:

> The critical question is whether the scope of the conspiracy involved more than the 100 pounds negotiated for initial delivery.  Clearly, it did.  The initial 100 pounds was directly tied to, at least, 300 pounds more.  Upon remand, the district court may find that the agreed upon amount was up to 2,500 pounds.

Judgment affirmed.[1]

Submitted for the Court,

Robert H. McWilliams,
Senior Circuit Judge

---

[1] On March 3, 2006, the same date as the defendant filed his opening brief in this court, his counsel also filed a Motion to Supplement the Appellate Record. That motion was thereafter "provisionally granted" by this court and the material sought to be added to the record on appeal was made. Some of the matters raised in the motion were before the district court when it originally sentenced the defendant and when the defendant was re-sentenced. Others were not. One aspect of the latter merits brief comment. In that regard, counsel argues that the "agreed upon amount of marijuana" determined by sister courts which handled the cases and sentences of defendant's co-conspirators, Dwyer and Holliday, was a lesser figure than that found by the judge in the instant case. Suffice it to say, such a determination by a different judge in a case involving one of the defendant's co-conspirators has no bearing on the present case in view of our remand order. We are here concerned with this defendant. It should be remembered that in this court's opinion wherein we remanded this case for re-sentencing, as previously stated, we stated that the record, as then made, did permit a finding that the "agreed upon amount" in the present case was "up to 2,500 pounds." *United States v. Williams,* 374 F.3d 941 (10th Cir. 2004). It was in that context that we remanded to the district court to determine whether, on the record as made, it would or would not "so find." It has now "so found."

5